UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                           Criminal No. 18-CR-20587

vs.                                                 HON. BERNARD A. FRIEDMAN

RODERICK LOUIS SIMMONS,

    Defendant.

_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 43]. The government has filed a response in opposition, and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the following reasons, the Court shall deny the motion.

In February 2019, the Court sentenced defendant to a 120-month prison term after he pled guilty to possessing more than five kilograms of cocaine with intent to distribute and to being a felon in possession of a firearm and ammunition. The parties' Rule 11 plea agreement set forth the following factual basis for these charges:

> On June 13, 2018 Defendant Simmons was stopped by the Michigan State Police near Southfield and 7 Mile in the City of Detroit. At the time of the stop of his car, a drug canine alerted to the presence of controlled substances. As a result of the search of the car, the MSP Troopers recovered approximately one (1) kilogram of cocaine. A search warrant was obtained for Simmons [sic] home in Detroit later that evening and early on June 14, 2018 was executed. Seven (7) additional kilograms of cocaine and approx. 400 grams of marijuana were seized from Simmons [sic] house. Also seized was one (1) .45 caliber Glock, model 37 semiautomatic handgun.

>   Simons intended to sell the cocaine that was seized from his car and house to other people.  At the time he possessed the Glock handgun, Simmons had also been previously convicted of a criminal offense carrying more than one year in prison.  Also prior to June 14, 2018:  the gun that Simmons possessed had previously traveled in interstate commerce.

Rule 11 Plea Agreement ¶ 1C.

Defendant, who is serving his sentence at FCI-Beckley in Beaver, West Virginia, seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)[1] "because of the COVID-19 global pandemic and its risk to [his] health."  Def.'s Mot. at 1.  Defendant questions the effectiveness of the measures the Bureau of Prisons has taken to prevent the spread of the virus.  While noting the prevalence of COVID-19 elsewhere, defendant concedes that "[a]t present, there are no confirmed inmate cases of COVID-19 at Beckley FCI."  *Id.* at 5.  He believes he is

---

[1] Section 3582(c) states in relevant part:

>   Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
>   (1)  in any case—
>
>   (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i)   extraordinary and compelling reasons warrant such a reduction . . . .

2

especially vulnerable to complications were he to be infected because he has "health conditions including obesity, coronary artery disease, hypertension, and high cholesterol." *Id.* at 7.

The Centers for Disease Control and Prevention currently lists obesity and "serious heart conditions" (i.e., heart failure, coronary artery disease, cardiomyopathies, and pulmonary hypertension) among the health conditions that place a person at increased risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019 (last visited Aug. 4, 2020). Medical records attached to the instant motion as Exhibit A indicate that defendant is "morbidly obese" and that he has "chronic ischemic heart disease." Hypertension and high cholesterol are not COVID-19 risk factors recognized by the CDC. *See id.* Indeed, hypertension is a common medical condition shared by over 100 million Americans, *see United States v. Colbert*, No. 99-80399, 2020 WL 3529533, at *2 (E.D. Mich. June 30, 2020), and current medical research indicates that "the link between hypertension and COVID-19 is unclear." *See* https://www.acc.org/latest-in-cardiology/articles/ 2020/07/06/08/15/covid-19- and-hypertension (last visited Aug. 4, 2020).

Defendant has failed to show that his health and safety are at serious risk. As this Court noted in *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020), a "generalized risk of contracting COVID-19 and potentially developing . . . more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility[,] . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the

extreme remedy of compassionate release."). In the instant case, as in *Peaks* and *Shah*, defendant's motion is based on speculation and generalized risk, particularly given that "[a]t present there are no confirmed inmate cases of COVID-19 at Beckley FCI." Def.'s Mot. at 5.

The Court concludes that defendant has failed to show the existence of any extraordinary and compelling reason warranting his immediate release from prison. The fact that defendant is obese and has a history of myocardial infarction does not convince the Court that the risk to his health and safety, at an institution with no known COVID-19 cases, is so unacceptably high that such an extreme remedy is called for. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: August 6, 2020    Senior United States District Judge
Detroit, Michigan